UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MICHAEL ANTHONY HODGES,

    PLAINTIFF,

-vs-                                                      Case No. 1:16-cv-00022-WTH-GRJ

NANCY A BERRYHILL, CAROLYN W COLVIN,

    DEFENDANTS.
_____/

## O R D E R

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation, ECF No. 24.  The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1).  The time for filing objections has passed, and none have been filed.  Having considered the Report and Recommendation, I have determined that the Report and Recommendation should be adopted.

The Administrative Law Judge ("ALJ") determined that Plaintiff could perform "light work" with additional restrictions prior to June 23, 2013.  One of the medical opinions discussed by the ALJ was that of a consulting physician, Dr. Morgan.  He made two medical findings that Plaintiff argues are not consistent with the ALJ's Residual Functional Capacity ("RFC") finding: he opined that Plaintiff "may benefit from an assistive device when walking more than 50 yards," and that Plaintiff is "restricted to

no prolonged standing for more than 30 minutes without rest . . . ." Report and Recommendation 21, ECF No. 24. The Magistrate Judge recommends that the ALJ erred in failing to explain the reason for not crediting these aspects of Dr. Morgan's opinion. The Court agrees.

An ALJ is required to "state with particularity the weight he gave different medical opinions and the reasons therefor." *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987); *Winschel v. Comm's of Soc. Sec.*, 631 F.3d 1176, 1178–79 (11th Cir. 2011). This requirement "applies equally to the opinions of treating physicians and nontreating physicians." *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 962 (11th Cir. 2015) (citing *Winschel*, 631 F.3d at 1179). An ALJ's failure to specify what weight he gives to a consulting physician's report and the reasons why he either credits or discredits the findings is reversible error. Therefore, the Court shall accept the Report and Recommendation and remand the matter to the Commissioner under sentence four of 42 U.S.C. § 405(g).

A remand under sentence four is considered a final judgment. *Bergen v. Commissioner*, 454 F.3d 1273 (11th Cir. 2006). Thus, absent a court order stating otherwise, a successful plaintiff's counsel would normally have fourteen days after the order of remand to file a motion with the District Court requesting an award of attorney fees. Fed. R. Civ. P. 54(d)(2)(B). This Rule has been interpreted by the Eleventh Circuit to apply to a request for fees to be paid from plaintiff's past due benefits pursuant to 42 U.S.C. § 406(b)(1). *Bergen*, 454 F.3d at 1277-78. However, plaintiff's counsel in such a case will not know the amount of benefits - and therefore fees - until

after the Commissioner awards benefits, which typically takes longer than fourteen days after the entry of judgment. Therefore, an extension of time to seek such fees is warranted, and was recommended by the *Bergen* opinion. *Id.*

Accordingly,

IT IS ORDERED

The Report and Recommendation of the Magistrate Judge is adopted, the decision of the Administrative Law Judge is reversed, and this matter is remanded to the Commissioner.

This Clerk is directed to enter final judgment stating: "This case is remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings so the ALJ can properly evaluate and explain his assessment of Dr. Morgan's consultative examination report and, if necessary, reevaluate Plaintiff's RFC." The Clerk shall also close the file.

Pursuant to *Bergen*, proceedings on attorney fees under the Social Security Act, 42 U.S.C. § 406(b) are stayed until the matter is fully adjudicated upon remand. The plaintiff shall file a motion to award fees under 406(b) within 30 days after counsel receives notice from the Commissioner as to plaintiff's past due benefits.

This stay relates only to attorney fee proceedings under § 406(b) of the Social

Security Act, not to attorney fee proceedings under the Equal Access to Justice Act, 28 U.S.C. § 2412, the latter of which may be adjudicated at this time.

DONE and ORDERED at Gainesville, Florida this 20th day of March, 2017.

UNITED STATES DISTRICT JUDGE